UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CIGNET, L.L.C., FLIGHT SYSTEMS
AUTOMOTIVE GROUP L.L.C.,
PLAST-O-FOAM, L.L.C., and
CAPITAL BOULEVARD PARTNERS, LLC,     Case No. 2:09-cv-14418
    Hon. Patrick J. Duggan

    Plaintiffs,

v.

MICHAEL DOJCINOVSKI,
JOSEPH KRIPLI, and
MARK CHILDRESS,

    Defendants.

---

| | |
|---|---|
| HOWARD & HOWARD ATTORNEYS PLLC<br>By:   Stephen P. Dunn (P68711)<br>        Stephanie N. Olsen (P67072)<br>450 West Fourth Street<br>Royal Oak, MI 48067<br>(248) 645-1483<br>sdunn@howardandhoward.com<br>solsen@howardandhoward.com<br>*Attorneys for Plaintiffs* | BUTZEL LONG<br>By:  David F. DuMouchel (P25658)<br>       George B. Donnini (P66793)<br>       Joseph E. Richotte (P70902)<br>150 West Jefferson Avenue, Suite 100<br>Detroit, Michigan 48226<br>313.225.7000<br>dumouchd@butzel.com<br>donnini@butzel.com<br>richotte@butzel.com<br>*Attorneys for Michael Dojcinovski* |
| Ronald J. Koch, PE<br>Licensed in Ohio<br>698 Morrison Rd, Ste B<br>Columbus, Ohio 43213<br>(614) 944-5768<br>ron@koch-patents.com<br>*Attorney for Childress* | THE SWOISH LAW FIRM<br>By: Marc C. Swoish (P45115)<br>31700 W. 12 Mile Road, Suite 250<br>Farmington Hills, Michigan 48334<br>T: 248.994.1100<br>F: 248.994.1101<br>mswoish@swoishlaw.com<br>*Attorney for Joseph Kripli* |

---

**STIPULATED PROTECTIVE ORDER**

The parties having stipulated that discovery in this matter may involve the disclosure of confidential, proprietary, technical, development, marketing, business and financial information, and the parties having stipulated to the following protective order pursuant to Fed. R. Civ. P. 26(c); and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that the production and use of documents and information produced in this matter shall proceed in accordance with the following terms:

1. <u>Scope of Order</u>. This Stipulated Protective Order shall be applicable to and govern: all depositions (including exhibits); documents produced in response to discovery requests, formal or otherwise; answers to interrogatories; responses to requests for admissions; and all other discovery taken; as well as submissions to the Court; testimony given at trial, or during a hearing; and other materials or information produced in this matter (collectively, the "PRODUCED" information).

This Stipulated Protective Order also shall be applicable to certain privileged information, as discussed below.

2. <u>"CONFIDENTIAL" Information</u>. "CONFIDENTIAL" information is information that is: (a) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests; (b) not generally known; or (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

3. <u>"ATTORNEY'S EYES ONLY" Information</u>. "ATTORNEY'S EYES ONLY" information is limited to information that contains or refers to trade secrets or other confidential or technical research, development, business or financial information that, if disclosed to a business competitor, may tend to damage the producing party's competitive position.

4. <u>Marking of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Information</u>. The designation of information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" will be made by placing or affixing on each page of the document or other material (in a manner that will not interfere with its legibility), the words "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," respectively.

5. <u>No Marking at Inspection</u>. When files and records are produced for inspection, no marking need be made in advance of the inspection. For purposes of this initial inspection, all documents in any produced files shall be considered marked as "ATTORNEY'S EYES ONLY" information. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents with the appropriate confidentiality marking at the time that the copies are produced to the inspecting party.

6. <u>Deposition Testimony</u>. If information to be treated in confidence is contained in deposition testimony, the transcript may be designated as containing "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information by so notifying the other parties on the record at the time of the testimony, or by notifying the other parties in writing within 10 business days after the transcript has been officially transcribed of the specific pages and lines of the transcript that contain such information. Such written notification shall specify the designation, whether "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," by page and line number. All deposition testimony, regardless of whether a designation of confidentiality was made on the record, shall be treated as containing "ATTORNEY'S EYES ONLY" information until 10 business days after a transcript has been officially transcribed. After such 10 day period has expired, and in the absence of any written notice concerning the specific portions of the transcript that a party believes contains "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY"

information, the transcript of the deposition testimony shall be treated as designated on the record at the time of testimony, or if no designation was made, then the transcript of testimony shall not be treated as a confidential document under the terms of this Stipulated Protective Order.

Unless otherwise agreed to by the parties in writing or on the record, an individual not qualified to receive "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information shall not be in attendance at that portion of a deposition during which "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information is being disclosed.

7. <u>Effect of Designation</u>. The designation of information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall constitute a representation that the attorney for the producing party believes that there is a valid basis for such designation. The designation or failure to designate information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" may not be used against the producing party as an admission or concession that the designated information is or is not, in fact, confidential, proprietary, a trade secret, or otherwise sensitive.

8. <u>Permissible Use of "PRODUCED, "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Information</u>. "PRODUCED," "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information shall be used only for the purpose of this litigation. Use of such information in any other litigation or for any other purpose is expressly prohibited. Notwithstanding any other provision contained herein, this Stipulated Protective Order does not restrict or otherwise effect the rights of a party or other person from using its own "PRODUCED," "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information for any purpose.

9. <u>Limited Access to "CONFIDENTIAL" Information</u>. Except for counsel to the parties to this litigation, counsels' employees, employees of outside copy services used to make copies of "CONFIDENTIAL" information, couriers, court personnel, the jury, and court reporters, access to "CONFIDENTIAL" information shall be limited to:

    a. The individual parties and the officers, directors, or employees of the parties who are assisting in the preparation of, or making decisions with respect to the conduct of, this litigation;

    b. Experts and consultants who are employed, retained or otherwise consulted by counsel of record for the parties for the purpose of analyzing data, conducting studies or providing opinions to assist in this litigation; and

    c. Persons identified on the face of a document as authors or recipients, or persons called to testify as witnesses (either at a deposition, a hearing, or at trial) who are believed to possess information relating to the "CONFIDENTIAL" information that is deemed necessary for the prosecution or defense of this litigation.

10. <u>Limited Access to "ATTORNEY'S EYES ONLY" Information</u>. Except for counsel to the parties to this litigation, counsels' employees, employees of outside copy services used to make copies of "ATTORNEY'S EYES ONLY" information, couriers, court personnel, the jury, and court reporters, access to "ATTORNEY'S EYES ONLY" information shall be limited to:

    a. Experts and consultants who are employed, retained or otherwise consulted by counsel of record for the parties for the purpose of analyzing data, conducting studies or providing opinions to assist in this litigation; and

    b. Persons identified on the face of a document as authors or recipients, or persons called to testify as witnesses (either at a deposition, a hearing, or at trial) who are believed to possess information relating to the "ATTORNEY'S EYES ONLY" information that is deemed necessary for the prosecution or defense of this litigation.

11. <u>Access Requirements</u>. Disclosure of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Information is prohibited except to the extent permitted by this Stipulated Protective Order. Any person given access to "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information is subject to this Stipulated Protective Order. Each such person shall be advised in advance that such "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information is being provided subject to the terms of this Stipulated Protective Order.

Each person given access to "CONFIDENTIAL" information pursuant to paragraphs 9a through 9c, above, or "ATTORNEY'S EYES ONLY" information pursuant to paragraphs 10a through 10b, above, must first agree to be subject to the provisions of the Stipulated Protective Order by signing a copy of the Agreement to be Bound by Stipulated Protective Order, which is attached.

In addition, if a party wishes to disclose "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information to an expert or consultant under paragraphs 9b and 10a, such party shall first give written notice to the party whose information it desires to disclose, who shall have 10 business days after such notice is sent to object in writing. The notice also shall include a current curriculum vitae showing the expert's or consultant's employment/consulting history, publications, and prior testimony. Any objection shall be made in good faith and on reasonable grounds. Should the parties be unable to resolve the objection, the objecting party shall raise this matter with the Court and request an Order restricting such individual's access to the objecting party's "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information. The failure to object with 10 business days after notice, or the failure to raise this matter with the Court within 10 business days after it is determined that the objection cannot be resolved, will be deemed approval, and the expert or consultant then will be qualified to have access to

"CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information pursuant to the terms and conditions of this Stipulated Protective Order. "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information of the objecting party shall not be disclosed to the proposed expert or consultant during the period for objection, and during the pendency of any request made to the Court in accordance with this paragraph. No party shall use its right to object to a proposed expert or consultant designee to interfere with the ability of the other party to reasonably prepare for trial, and consent to the disclosure of information shall not be unreasonably withheld.

12. <u>Filing and Use of Confidential Material in Court</u>. The legend "Confidential - Subject to Protective Order" must appear on each page of all documents filed with the Court that contain "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information or that have "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information as an exhibit. All such documents shall be filed under seal endorsed with the caption of this action and bearing the following designation:

> CONFIDENTIAL: THIS MATERIAL IS SUBJECT TO A PROTECTIVE ORDER. THIS ENVELOPE MAY NOT BE OPENED WITHOUT A COURT ORDER EXCEPT BY COURT PERSONNEL OR COUNSEL OF RECORD.

"CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information may otherwise be used in the course of pre-trial proceedings and the trial of this matter provided that the Court will entertain motions of the parties for additional protections of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information so used, including the protection of Court transcripts. "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information used in any court proceeding in connection with this matter shall not lose its "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information status through such use. If a party wishes to use

"CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information during trial or a hearing, that party must give reasonable notice to the other party.

13. <u>Use of Independently Obtained or the Party's Own Information</u>. This Stipulated Protective Order shall not impose any restrictions on the use or disclosure by a party of information or material properly obtained or developed by such party independently of discovery in this matter, whether or not such information or material is also obtained through discovery in this matter.

Nothing in this Stipulated Protective Order shall impose any restrictions on the use or disclosure by a party of its own "PRODUCED," "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information as that party deems appropriate.

14. <u>Inadvertent Failure to Designate</u>. In the event that a party or other person inadvertently fails to designate a document or other material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information, the party to whom the document or other material was produced, upon written notice, will designate and treat such document or other material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information from that point forward. The receiving party's disclosures, prior to the receipt of notice from the producing party of a new designation, of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information to unauthorized parties or individuals shall not be deemed a violation of this Stipulated Protective Order.

In addition, the inadvertent failure of a party or other person to designate a document or other material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information shall not constitute, be construed as, or have the effect of, a waiver of confidentiality.

15. <u>Re-Designation of Documents Produced by Non-Parties</u>.  If a non-party produces information without any confidentiality designation, a party has the right to change such designation to the extent the non-designated information at issue contains information that the party in good faith deems "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" to that party. Any re-designation by a party will be given full effect of protection under this Stipulated Protective Order.

16. <u>Inadvertent or Unintentional Disclosure of Privileged Information</u>.  In the event that a producing party inadvertently or unintentionally produces a document that otherwise is not discoverable for reasons of the attorney-client privilege, work product immunity, or other privilege, doctrine or immunity, such party shall promptly give written notice to the requesting party upon discovering such inadvertent disclosure.  Immediately upon receiving such notice, counsel for the receiving party shall sequester all identified information, including any and all copies, in its offices until the matter is resolved.  If the parties are unable to reach a satisfactory resolution as to the return, destruction or use of such documents within 10 business days of such notice, the producing party may, within 10 business days thereafter, request that the Court resolve the matter.  If the party alleging inadvertent disclosure makes an adequate showing, reasonable under the circumstances, of both inadvertence and privilege, the Court shall order all such information to be returned to the producing party.  The period of time that elapses while a party follows the procedures set forth in the paragraph for resolving any inadvertent disclosure dispute shall not be considered a factor in deciding whether a party's delay in attending to the inadvertent disclosure was reasonable under the circumstances.

Nothing herein shall preclude the receiving party from challenging the privilege or immunity claimed by the producing party regarding the inadvertently produced document or

information, and the receiving party may use the inadvertently produced document or information that is claimed to be privileged or work product in a submission to the Court when challenging the privilege or immunity claimed by the producing party.

17. <u>Disclosure of "PRODUCED," "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Information in Other Actions</u>.  In the event that any recipient of "PRODUCED," "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information subject to this Stipulated Protective Order is (a) subpoenaed in another action or (b) served with a demand in another action to which such individual is a party or a witness, seeking "PRODUCED," "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information, that person shall object to its production setting forth the existence of this Stipulated Protective Order and shall give prompt written notice of such event to counsel of record for the producing party.  The producing party shall assume responsibility for preserving and prosecuting any objection to the subpoena or demand.  The person served shall be obligated to cooperate to the extent reasonably necessary to preserve the confidentiality of the protected matter until ruled upon by a court of competent jurisdiction.  However, nothing in this Stipulated Protective Order should be construed as requiring the party served to challenge or appeal any order requiring disclosure of "PRODUCED," "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

18. <u>Non-Waiver of Rights</u>.  The parties agree that the filing and entry of this Stipulated Protective Order shall not constitute a waiver of any rights under any applicable law and/or court rules, including, but not limited to, the rights to: (1) object to any discovery request and withhold information and/or materials on the ground of attorney/client privilege, work

product or otherwise; (2) object to the introduction of any "PRODUCED," "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information as evidence at any hearing or trial in this matter; (3) seek other and further protections as to any "PRODUCED," "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information that may be offered or admitted as evidence at any hearing or trial in this matter; or (4) file any other motions that may be permitted by any applicable law or court rule. Nothing in this Stipulated Protective Order shall constitute an admission or waiver of any objection, claim or defense by any party.

19. <u>Modifications to Stipulated Protective Order</u>. Any party may, on motion or other request to the Court and for good cause shown, seek a modification of this Stipulated Protective Order, and by its agreement to this Stipulated Protective Order, no party shall be deemed to have waived the right to seek subsequent modifications.

No modification of this Stipulated Protective Order that adversely affects the protection of any document produced by a non-party to this case should be made without first giving that non-party appropriate notice and an opportunity to be heard by the Court.

20. <u>Binding Order</u>. All parties to this litigation, regardless of when such party is named or appears, and all persons receiving "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information produced in this litigation, shall be bound by this Stipulated Protective Order.

21. <u>Dispute Resolution</u>. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge.

In the event of a dispute with respect to the terms of this Stipulated Protective Order, including, but not limited to, the designation of documents or other material as

"CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information, the attorneys for the parties shall first consult with each other and attempt to negotiate a resolution of the dispute. If the dispute is not resolved, the parties agree to submit the dispute to the Court by way of written motion, and to be bound by the Court's resolution of the dispute, including any further protective order that the Court may enter. The producing party shall ultimately have the burden of establishing the need for classification as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

22. <u>Return of Confidential Material</u>. The provisions of this Stipulated Protective Order shall not terminate at the conclusion of this matter. Upon final conclusion of this matter, whether by settlement, dismissal or other disposition, each party shall either (a) return to the producing party, at the producing party's expense, all originals and copies of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information (whether originally produced or made after production) produced to that party by the producing party, or (b) destroy all originals and all copies (whether originally produced or made after production) of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information in its possession. Outside counsel for the receiving party may retain one copy of each document, pleading, trial exhibit, deposition exhibit, work product, and transcript embodying documents or information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" for archival purposes only, but shall destroy or return all additional copies of such documents, pleadings, trial exhibits, deposition exhibits, work product, and transcripts.

Upon request, counsel of record shall deliver written confirmation within 60 days after the final conclusion of this matter indicating that the documents have either been returned or destroyed.

23. <u>Survival of Litigation</u>.  This Stipulated Protective Order shall survive the termination of this litigation.

24. <u>Violations</u>.  Any person who violates this Stipulated Protective Order will be subject to sanctions, including injunctive relief, contempt orders, monetary damages, or other penalties to be determined by the Court.

                        s/Patrick J. Duggan
                        Patrick J. Duggan
                        United States District Judge

Dated: April 23, 2010
I hereby certify that a copy of the foregoing document was served upon counsel of record on April 23, 2010, by electronic and/or ordinary mail.
                        s/Marilyn Orem
                        Case Manager

STIPULATED AND AGREED:

| HOWARD & HOWARD ATTORNEYS PLLC | BUTZEL LONG |
|---|---|
| By: /s/ Stephen P. Dunn | By: /s/ George B. Donnini w/ perm |
|     Stephen P. Dunn (P68711) |     David F. DuMouchel (P25658) |
|     Stephanie N. Olsen (P67072) |     George B. Donnini (P66793) |
| 450 West Fourth Street |     Joseph E. Richotte (P70902) |
| Royal Oak, MI 48067 | 150 West Jefferson Avenue, Suite 100 |
| (248) 645-1483 | Detroit, Michigan 48226 |
| sdunn@howardandhoward.com | 313.225.7000 |
| solsen@howardandhoward.com | dumouchd@butzel.com |
| *Attorneys for Plaintiffs* | donnini@butzel.com |
| | richotte@butzel.com |
| | *Attorneys for Michael Dojcinovski* |
| Ronald J. Koch, PE | THE SWOISH LAW FIRM |
| By: /s/ Ronald J. Koch w/ perm | By: /s/ Marc C. Swoish w/ perm |
|     Ronald J. Koch |     Marc C. Swoish (P45115) |
| Licensed in Ohio | 31700 W. 12 Mile Road, Suite 250 |
| 698 Morrison Rd, Ste B | Farmington Hills, Michigan 48334 |
| Columbus, Ohio 43213 | T: 248.994.1100 |
| (614) 944-5768 | F: 248.994.1101 |
| *Attorney for Childress* | mswoish@swoishlaw.com |
| | *Attorney for Joseph Kripli* |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CIGNET, L.L.C., FLIGHT SYSTEMS
AUTOMOTIVE GROUP L.L.C.,
PLAST-O-FOAM, L.L.C., and
CAPITAL BOULEVARD PARTNERS, LLC,     Case No. 2:09-cv-14418
    Hon. Patrick J. Duggan
    Plaintiffs,
v.

MICHAEL DOJCINOVSKI,
JOSEPH KRIPLI, and
MARK CHILDRESS,

    Defendants.
_____

| HOWARD & HOWARD ATTORNEYS PLLC | BUTZEL LONG |
|---|---|
| By:   Stephen P. Dunn (P68711) | By:  David F. DuMouchel (P25658) |
|        Stephanie N. Olsen (P67072) |       George B. Donnini (P66793) |
| 450 West Fourth Street |       Joseph E. Richotte (P70902) |
| Royal Oak, MI 48067 | 150 West Jefferson Avenue, Suite 100 |
| (248) 645-1483 | Detroit, Michigan 48226 |
| sdunn@howardandhoward.com | 313.225.7000 |
| solsen@howardandhoward.com | dumouchd@butzel.com |
| *Attorneys for Plaintiffs* | donnini@butzel.com |
| | richotte@butzel.com |
| | *Attorneys for Michael Dojcinovski* |
| Ronald J. Koch, PE | THE SWOISH LAW FIRM |
| Licensed in Ohio | By: Marc C. Swoish (P45115) |
| 698 Morrison Rd, Ste B | 31700 W. 12 Mile Road, Suite 250 |
| Columbus, Ohio 43213 | Farmington Hills, Michigan 48334 |
| (614) 944-5768 | T: 248.994.1100 |
| *Attorney for Childress* | F: 248.994.1101 |
| | mswoish@swoishlaw.com |
| | *Attorney for Joseph Kripli* |

_____

# AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, declare and agree as follows:

1. My primary residential address is

_____.

2. My present employer is

_____.

3. My present occupation or job description is

_____.

4. I acknowledge receiving a copy of the Stipulated Protective Order entered on _____, 2010, by the United States District Court, in the case of *CIGNET, L.L.C., Flight Systems Automotive, L.L.C., Plast-O-Foam, L.L.C., and Capital Boulevard Partners, LLC v. Michael Dojcinovski, Joseph Kripli, and Mark Childress,* being Case No. 2:09-cv-14418. I have read and understand the terms of the Stipulated Protective Order and I agree to be bound by all of its provisions.

5. I submit to the jurisdiction of this Court for the purposes of enforcement against me of the terms of the Stipulated Protective Order.

Dated: _____, 2010  _____
                                              Signature

                                              _____
                                              Printed Name